**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy L Schnorr, | No. CV-20-00712-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Tammy Schnorr seeks judicial review of the Social Security Administration's decision to deny her application for disabled widow's benefits ("DWB") on the account of her deceased husband. (Doc. 18.) Plaintiff filed, *inter alia*,[1] an application for DWB, alleging a disability onset date of December 4, 2014.[2] After initial agency denials of her applications, Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), which took place on May 10, 2019. (Doc. 15-3 at 45-122.) On June 5, 2019, the ALJ issued a partially favorable decision, finding Plaintiff

---

[1] Particularly, Plaintiff filed applications for a period of disability, disability insurance benefits, DWB, and supplemental security income. The only application at issue on appeal is Plaintiff's application for DWB.

[2] For the first time, here, Plaintiff seeks to amend her disability onset date to October 12, 2018. (Doc. 18 at 3.) Plaintiff was required to raise all issues at the administrative hearing to preserve them on appeal. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). By failing to amend her onset date previously, Plaintiff waived the issue. Moreover, the ALJ considered evidence from December 4, 2014 onward in rendering his decision. This Court reviews that decision for substantial evidence. It is not the Court's role to excise most of the evidence supporting the ALJ's decision and thereafter assess whether the remaining evidence supports the ALJ's decision. Plaintiff's request to amend her onset date is therefore denied.

disabled as of January 4, 2019. (Doc. 15-3 at 16-36.) However, in determining that Plaintiff's disability did not manifest until January 4, 2019, the ALJ denied her application for disabled widow's benefits because, to be eligible, Plaintiff was required to establish disability within seven years of her husband's death, or prior to October 31, 2018. 42 U.S.C. § 402(e). Plaintiff argues that, in denying her application for disabled widow's benefits, the ALJ committed reversible error by (1) failing to support his adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence and (2) improperly assigning partial weight to the opinion of Nurse Practitioner ("NP") Nancy Dye.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective reporting concerning the severity of her symptoms prior to January 4, 2019. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). He found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by Plaintiff but concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms are not wholly reliable and are inconsistent with the evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Citing extensively to the record, he found Plaintiff's allegations of debilitating pain inconsistent with unremarkable neurologic and musculoskeletal exams and findings of normal gait. (Doc. 15-3 at 29.) Similarly, he determined her reports of incapacitating fatigue and shortness of breath to be inconsistent with consistent findings that Plaintiff was negative for fatigue and had unremarkable respiratory exams and imaging of her chest. (*Id.*) In addition, he explained that Plaintiff's

allegations of debilitating depression and anxiety are inconsistent with providers' notations that she was negative for depression and anxiety, exhibited an appropriate mood and affect, and successfully controlled symptoms with her current medical regimen. (*Id.* at 29-30.) In addition, he noted that Plaintiff's allegations of significant cognitive deficits are inconsistent with reports from providers that she had intact cognition, normal/adequate thought process, perception, orientation, memory/concentration/attention, and intact ability to calculate. (*Id.* at 30.) Finally, the ALJ underscored that that Plaintiff's own reporting of her daily activities—revealing management of hygiene and finances, preparation of meals, performance of household chores, and independent driving, shopping and out-of-state travel—suggests that Plaintiff overstated her restrictions prior to January 4, 2019. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her…daily activities"). In sum, the ALJ provided clear and convincing reasons supported by substantial evidence that adequately justify his adverse credibility determination. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

2. The ALJ provided germane reasons supported by substantial evidence for assigning little weight to the October 12, 2018 mental functional capacity opinion of NP Dye. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (an ALJ may discount the opinion of a nurse practitioner by "giv[ing] reasons germane to each witness for doing so."). Namely, he underscored that NP Dye's check-the-box opinion that Plaintiff suffered from marked and extreme mental functioning limitations,[3] would be off task greater than 30 percent of the workday, and would be absent from work five days or more per month was inconsistent with NP Dye's unremarkable mental status exams. (Doc. 15-3 at 30-31.)

---

[3] NP Dye opined that Plaintiff suffered from extreme limitations in understanding and remembering detailed instructions, maintaining attention and concentration for up to two hours, performing activities within a schedule at a consistent and continuous pace, and responding appropriately to work pressures in a usual work setting and suffered from marked limitations in maintain attention and concentration for up to one hour, interacting appropriately with the public, supervisors, and co-workers, and responding appropriately to changes in a routine work setting. (Doc. 15-12 at 2.)

- 3 -

Notably, the ALJ cited to notes in which NP Dye consistently found Plaintiff to have a linear, logical and goal directed though process, felt "slightly" anxious but could manage her symptoms, had intact attention and concentration with an appropriate fund of knowledge, had fair insight and judgment. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009) (An ALJ may properly reject an opinion based on contradictions between that opinion and the provider's own treatment notes); *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [the physician] opined should be imposed on [claimant]."). Moreover, the ALJ found NP Dye's opinions to be contradicted by the assessments of treatment providers who repeatedly found Plaintiff negative for depression and anxiety and that reported her psych status as "normal." *See Hume v. Saul*, 776 F. App'x. 507 (9th Cir. 2019) (an ALJ may properly assign little weight to an opinion that is inconsistent with the "normal mental status findings reported by other doctors."). Accordingly, the ALJ provided germane reasons supported by substantial evidence for discounting the opinion of NP Dye. Because the ALJ's decision is free of harmful legal error and supported by substantial evidence,

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 16th day of July, 2021.

Douglas L. Rayes
United States District Judge